IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDWARD J. SCHWAB,

                Petitioner,                      ORDER

v.

                                                      11-cv-433-wmc

WARDEN,
GREEN BAY CORRECTIONAL INSTITUTION,

                Respondent.

---

Petitioner Edward J. Schwab has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a state court conviction. As a result of that conviction, Schwab remains in state custody. He has been granted leave to proceed in this case without prepayment of the filing fee.

This case is currently before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This review shows that Schwab challenges a conviction for first degree sexual assault of a child that was entered pursuant to his plea of "no contest" in Winnebago County Case Number 2000-CF-209.[1] On November 17, 2000, Schwab received a sentence of 10 years in prison followed by 15 years of extended supervision in that case. It is unclear whether Schwab pursued a direct appeal from the conviction. Schwab indicates, however, that he filed a post-conviction motion with the state trial court in an effort to "get [his] case dismissed."

On June 13, 2011, Schwab filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court, raising the following grounds for relief: (1) police officers waited two days after the offense to question Schwab and violated his *Miranda* rights in doing so; (2) the

---

[1] These facts are drawn from the petition and a review of the state circuit and appellate court's electronic docket sheets, available at http://wscca.wicourts.gov.

prosecutor engaged in misconduct and lost his law license after being charged with bribery; (3) the public defender had "important papers" that would have cleared him of all charges but failed or refused to provide them to Schwab's "paid attorney"; and (4) Schwab was not allowed to present witnesses and evidence in his own defense.

The federal habeas corpus statutes require a petitioner to exhaust all remedies that are "available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A). When a state prisoner alleges that his continued confinement violates federal law, the doctrine of exhaustion ensures that state courts have "the first opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n. 5 (1982).

Schwab does not allege facts showing that he raised all of his claims for consideration by the Wisconsin Supreme Court before he filed his federal habeas corpus petition in this court. Therefore, it appears that he did not exhaust state court remedies before seeking relief in federal court. The failure to exhaust state court remedies, however, is not Schwab's biggest problem because it further appears that his federal habeas petition is untimely.

The petition in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which was enacted on April 24, 1996. Under the AEDPA, all habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). The one-year limitations period is designed to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v.*

*Saffold*, 536 U.S. 214, 226 (2002). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

When a prisoner challenges the validity of a state court judgment, the statute of limitations typically begins to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Schwab did not file a direct appeal, the conviction at issue here became final shortly after he was sentenced on November 17, 2000. *See State v. Lagundoye*, 2004 WI 4, ¶ 20, 268 Wis. 2d 77, 94, 674 N.W.2d 526 ("A case is final if the prosecution is no longer pending, a judgment or conviction has been entered, the right to a state court appeal from a final judgment has been exhausted, and time for certiorari review in the United States Supreme Court has expired.") (citations omitted). Thus, it appears that the pending federal habeas petition, which Schwab executed in June of 2011, is late by nearly a decade. Schwab's petition, however, does not address whether any statutory or equitable exception to the statute of limitations applies.

There are statutory exceptions to the one-year limitation period if any of the following circumstances are present: (1) the State has created an impediment to filing a petition; (2) the petition is based on a newly recognized constitutional right made retroactive by the Supreme Court; or (3) the claim is based on a new factual predicate, which new facts could not have been discovered with due diligence on an earlier date. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). Likewise, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment" does not count toward the limitations period. 28 U.S.C. § 2244(d)(2).

An untimely petition may also be saved if grounds exist to equitably toll the limitation period. Equitable tolling of the limitation period may be warranted if "extraordinary circumstances outside

3

of the petitioner's control prevent timely filing of the habeas petition." *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004) (citation omitted); *see also Moore v. Battaglia*, 476 F.3d 504, 506 (7th Cir. 2007). For this reason, the Supreme Court has cautioned that before raising the statute of limitations on its own initiative, a court must grant the petitioner fair notice and afford him an opportunity to present his position. *Day v. McDonough*, 547 U.S. 198, 211 (2006). Accordingly, Schwab will be directed to supplement the pleadings and to show cause why his petition is not barred from federal review by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

ORDER

IT IS ORDERED THAT:

1. Petitioner Edward J. Schwab is directed to show cause, if any, by responding in writing not later than November 13, 2012 why his petition should not be dismissed for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b)(1)(A) or, alternatively, as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

2. Petitioner Edward J. Schwab is advised that, if he does not respond to this order as directed, then this case may be dismissed for want of prosecution without further notice under Fed. R. Civ. P. 41(b).

Entered this 12th day of October, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge